IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY BRADFORD, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:15-CV-1450-L (BH) |
| § | |
| US BANK NATIONAL ASSOCIATION § | |
| c/o Select Portfolio Servicing, Inc., et al., § | |
| § | |
| Defendants. § | Pretrial Management |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the standing order of reference dated May 27, 2015 (doc. 5), this *pro se* case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are the *Motion for Judgment on the Pleadings* (doc. 22), and *Motion to Dismiss for Want of Prosecution* (doc. 23)*,* both filed March 25, 2016. Based on the relevant filings and applicable law, the motion to dismiss for want of prosecution should be granted, and the motion for judgment on the pleadings should be denied as moot.

## I. BACKGROUND

On April 2, 2015, Ibrahim Reginald Muhammad (Plaintiffs)[1] filed this *pro se* action on behalf of himself and Anthony Bradford against U.S. Bank National Association, as trustee for the registrered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF18 (US Bank), Select Portfolio Servicing, Inc. (SPS), and Hughes Watters & Askanase, LLP (HW&A) (Defendants) in the 101st Judicial District Court of Dallas County, Texas, asserting claims relating to his mortgage loan for the real property located at 808 Trailwood Drive, DeSoto, Texas

---

[1]The defendants contend that these individuals are actually the same person. (*See* doc. .)

75115 (the Property).  (doc. 1-4 at 2-28.)[2]

Defendants removed the action to federal court on May 8, 2015, on the basis of federal question and diversity jurisdiction.  (doc. 1.)  On May 29, 2015, each party was ordered to file a scheduling order proposal no later than June 18, 2015.  (doc. 6.)  Plaintiffs failed to comply with the order, and a scheduling order was entered on June 19, 2015.  (doc. 9.)  The scheduling order set a deadline of January 4, 2016 for mediation.  (*Id.*)

On December 31, 2015, Defendants filed an agreed motion to extend the mediation and remaining pretrial deadlines on grounds that Plaintiff Muhammad[3] was in the process of seeking legal counsel, and that he would contact Defendants' counsel by January 15, 2016 to schedule a mediation. (doc. 12.)  The motion was granted on January 4, 2016, and the deadlines were extended by sixty days. (doc. 13.)

On February 22, 2016, Defendants filed a notice advising of their inability to communicate with Plaintiff Muhammad and a motion for relief from the mediation order.  (doc. 15.)  They contended that they had served discovery requests on Plaintiffs on November 18, 2015, but Plaintiffs never responded.  (*See id.* at 2; doc. 23 at 3.)  They also contended that they did not have a working address or telephone for Plaintiff Muhammad, and that counsel was only able to communicate with him by email. (doc. 15 at 2.)  Counsel had successfully communicated with Plaintiff Muhammad by email in order to confer regarding the motion to extend the mediation and pretrial deadlines, but he had not responded to any subsequent communications.  (*Id.* at 2-3.)  On February 24, 2016, the Court

---

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3]Defendants contend that Anthony Bradford and Ibrahim Reginald Huhammad are the same person.  (*See* doc. 23 at 1.)

2

issued an order providing a deadline of March 7, 2016, for Plaintiffs to file a response to the notice and motion, but they did not file a response. (doc. 16.)

On March 18, 2016, Defendants filed their estimate of trial length and status report as required by the scheduling order. (doc. 18.) The filing again noted that counsel had been unable to reach Plaintiff Muhammand. (*Id.*) On March 21, 2016, the motion for relief from the mediation order was granted. (doc. 19.)

By order dated March 22, 2016, a status conference was scheduled for April 5, 2016. (doc. 22.) Plaintiffs were expressly ordered to appear in person and to confirm their appearance at the conference and warned that they could face sanctions if they did not comply with the order. (*Id.*)

On March 25, 2016, Defendants moved to dismiss the action due to Plaintiffs' failure to prosecute and comply with discovery and for judgment on the pleadings. (docs. 22, 23.) By ordered dated March 28, 2016, Plaintiff were given a deadline of April 18, 2016 to respond. (doc. 24.)

Plaintiffs did not confirm their appearance at the status conference or appear. (*See* doc. 29.) They also did not file a response to the motions to dismiss. Since the removal of this action, Plaintiff Muhammad has not filed anything of record, but none of the mailings to him have been returned as undeliverable. All mailings to Anthony Bradford have been returned as undeliverable. (*See* docs. 7, 10, 14, 17, 28, 30, 31, 32.)

## II.  INVOLUNTARY DISMISSAL

Defendant moves to dismiss this action with prejudice under Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (doc. 23 at 4.)

Rule 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the

>    dismissal order states otherwise, a dismissal under this subdivision (b). . .operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).  It is well-established that in the Fifth Circuit, dismissals with prejudice under Rule 41(b) are affirmed "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citations omitted); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006).

This case presents a clear record of delay and contumacious conduct.  Plaintiffs have failed to comply with orders to file a scheduling proposal, to participate in mediation, to participate in filing a joint status report, and to confirm attendance or appear at a status conference.  Defendants contend that Plaintiffs have failed to respond to discovery or to communicate with them at all since December 2015.  Since this lawsuit was removed, Plaintiff Muhammad has not filed anything of record in this case.  None of the mails to him have been returned as undeliverable, although all mailing to Anthony Bradford have been returned as undeliverable.  This behavior and lack of action since the removal of this case in May 2015, represents a "significant period[ ] of inactivity.  *See McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988); *see also Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), citing *Murrah v. Fire Ins. Exchange*, 480 F.2d 613 (5th Cir. 1973) (delay of 15 months) and *Salmon v. City of Stuart*, 194 F.2d 1004 (5th Cir. 1952) (no action taken for 15 months).

Further, "lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir.

4

1972)). The order for Plaintiffs to appear at the status conference and to confirm their attendance explicitly warned that sanctions could be imposed on a party that failed to comply with the order. (*See* doc. 20.) This warning had no effect, and they failed to comply. There is no basis for a finding that additional warnings or orders to pay attorneys' fees or a fine would likely be effective in prompting their participation in this lawsuit. Because Plaintiffs have provided no discovery, exclusion of evidence or witnesses not disclosed, as suggested in *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 F. App'x 386, 389 (5th Cir. Jan. 16, 2014), would likely also not be effective. Given Plaintiffs' complete failure to participate in this lawsuit thus far, a conditional dismissal such as that suggested in *McNeal*, 842 F.2d at 793, would not appear to prompt action. Plaintiffs failed to respond to Defendants' motions to dismiss. Moreover, the fourteen-day period for objection to the recommendation of dismissal will afford the same opportunity to avoid dismissal as a conditional dismissal. Accordingly, lesser sanctions would be futile. *See McMillan v. Colvin*, No. 3:12-CV-4729, 2013 WL 5637378, at *2 (N.D.Tex. Oct. 15, 2013) (finding lesser sanctions would be futile and a dismissal with prejudice was warranted where the plaintiff failed to respond to the court's orders despite a warning that failure to respond may result in dismissal of her case, and where she had not taken any action in the case in the past thirteen months).

Finally, at least two of the aggravating factors can be found in this case. The delay has been caused by Plaintiffs. They are proceeding *pro se*, so their conduct cannot be attributed to anyone else. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x. 329, 334 (5th Cir. June 14, 2013) (noting that given her *pro se* status, the plaintiff's conduct was attributable to no one but herself); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (same); *see also Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (same). As for prejudice, Plaintiffs' refusal to respond to discovery or to

communicate with Defendants all in order to comply with the scheduling order has hampered their ability to comply with the Court's orders or to defend the case. Almost all of the pretrial deadlines in the case have passed.

Plaintiffs have chosen not to cooperate in discovery or in this lawsuit and have essentially abandoned his case. Dismissal with prejudice under Rule 41(b) is therefore appropriate. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412-13 (5th Cir. June 7, 2006) (affirming dismissal of an employment lawsuit with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully prosecuted her case *pro se* up to that point); *Morgan v. Grande Commc'nc Network, LLC*, 3:12-CV-5197-N, 2014 WL 3706620, at *2 (N.D.Tex. July 25, 2014)(dismissing a case with prejudice where the plaintiff failed to respond to a court order to appear at a hearing, filed nothing for more than one year, and ignored a warning that sanctions could be imposed).

### III.  RECOMMENDATION

The motion to dismiss the case with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute should be granted, and the motion for judgment on the pleadings should be denied as moot.

**SO RECOMMENDED on this 20th day of June, 2016.**

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE